UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NOBLE BATES                                    CIVIL ACTION NO. 06-cv-0637

VERSUS                                         JUDGE STAGG

WARDEN LOUISIANA STATE                         MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

Noble Bates ("Petitioner") was charged with aggravated criminal damage to property and aggravated flight from an officer. A Caddo Parish district judge convicted Petitioner after a bench trial, and the prosecutor filed a multiple offender bill to enhance the sentences for the crimes. Petitioner received a life sentence. He pursued a direct appeal. State v. Bates, 859 So.2d 841 (La. App. 2d Cir. 2003), writ denied, 874 So.2d 173 (La. 2004). Petitioner then filed a state post-conviction application, which was denied. He now seeks federal habeas corpus relief on three grounds. It is recommended, for the reasons that follow, that the petition be denied.

**Background**

The state appellate court set forth at some length the facts that led to the convictions. Both Petitioner and the state refer to or adopt those facts, and there is no significant dispute about their accuracy. Accordingly, the summary of the facts set forth below is based largely upon the state appellate court's decision.

Petitioner was seen shoplifting at the Kroger grocery store on Benton Road in Bossier City. Off-duty detective Sam White approached Petitioner, who began fighting White and grabbing at the officer's firearm. Petitioner freed himself, ran out of the store, and entered his car. When Detective White tried to pull Petitioner from the car, Petitioner jerked White partially into the car. With the door swinging open, Petitioner dragged White around the store parking lot until White was slung off the car.

White notified Bossier City Police by pressing an emergency button on his radio. Once police arrived, Petitioner stopped his car, observed the officers for a moment, and then rammed into one of the police cars. A car chase ensued, beginning on Benton Road and proceeding onto I-20 across the Red River into Shreveport. The Shreveport Police Department picked up the pursuit through the downtown and Allendale areas.

Petitioner drove recklessly, running several stop signs and red lights. He crossed over yellow lines and drove across medians. He drove up to 70 miles per hour in residential neighborhoods. When Petitioner approached one Shreveport police car, he slowed down, then accelerated and struck the car, causing the police car to crash into a light pole and injure two officers in the car.

The chase continued up Milam Street and ended at the intersection of Dowling and Patzman Streets, where Shreveport Police Officer Peters was standing. Peters attempted to flag down Petitioner. During that time, children were crossing the intersection. Peters blocked part of the intersection with his car, but he left a portion of the intersection open as

an avenue of escape for Petitioner, in the hope that, if Petitioner did not stop, at least he would not strike any children with his car. Upon reaching Peters, Petitioner accelerated his car toward Peters and the children. Peters drew his weapon and fired three times, striking Petitioner once in the leg. Petitioner drove around the corner to Clay Street, where he abandoned his car. Police officers apprehended Petitioner after a foot chase.

**Ineffective Assistance: No Challenge to Prior Convictions**

The state presented evidence at the multiple offender hearing that Petitioner had two prior felony convictions. The first was for issuing worthless checks, based on a 1987 charge. The second felony stemmed from a 1996 charge of possession of cocaine. Petitioner was found to be a third-felony offender and sentenced to life in prison (without benefits) for the aggravated criminal damage to property conviction. Petitioner received another two years (concurrent) for the aggravated flight from an officer conviction.

Petitioner argued in his post-conviction application, as he does in his federal petition, that his counsel at the multiple offender hearing was ineffective because he did not challenge the prior convictions. Petitioner acknowledges the holding in Lackawanna County District Attorney v. Coss, 121 S.Ct. 1567 (2001) that habeas relief is not available to a state prisoner when he challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the prisoner is no longer in custody, unless counsel was not appointed in connection with the prior conviction. That rule may not directly limit an ineffective assistance claim if there were good grounds to challenge the prior

convictions that counsel did not raise in the trial proceedings, but Petitioner has chosen to limit his challenge to counsel's performance in an attempt to fit within the Coss exception. Petitioner argues, quite conclusorily, that counsel should have objected to the omission of the prior convictions on the grounds that Petitioner had only "standby counsel" that was the equivalent of no counsel at all when he pleaded guilty to the earlier felonies.

Defense counsel did file a general motion to quash the multiple offender bill of information on the grounds that Petitioner had not been properly advised of his constitutional rights before he entered his prior pleas of guilty. Tr. 479. The judge continued the multiple offender hearing so that counsel could obtain transcripts of those prior guilty pleas from the archives. Tr. 749-54. When the hearing resumed, defense counsel stated that he did obtain a copy of both transcripts, which he filed in the record. Counsel stated that he had "reviewed both transcripts and they appear to me to be constitutionally sound which would make the motion to quash moot." Tr. 759-60.

The court has not been able to locate the actual transcripts in the record, but it is not uncommon for the state court exhibits to not be included in the record transmitted to this court. The minutes related to the prior charges are in the record, as they were attached to a discovery response served by the state. The minutes show that Petitioner was charged in 1987 with issuing worthless checks. Tr. 468. The court appointed counsel at the first appearance. Petitioner then appeared in court with counsel on several occasions for various proceedings. The minutes show that Petitioner, "present in court with counsel," pleaded

guilty after the court informed him of his rights per Boykin v. Alabama. Petitioner was also represented by counsel at sentencing. Tr. 472-73.

Petitioner was charged in 1996 with possession of cocaine. Tr. 466. The minutes show that Petitioner was appointed counsel at his first appearance. His attorney filed a motion for discovery. Soon afterward, Petitioner was "present with his counsel, Laura Wingate," when Petitioner elected to plead guilty after being informed of his constitutional rights per Boykin. Tr. 467.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice. Strickland v. Washington, 104 S.Ct. 2052 (1984). Prejudice exists only if there is a reasonable probability that, but for the error, the result of the trial would have been different. Id. at 2068. The state trial court and appellate court denied this claim rather summarily. Tr. 936-38, 1006. The Supreme Court of Louisiana denied a writ application without comment. Tr. 1114.

The test for habeas purposes is not whether a petitioner made the showing required under Strickland. The test is whether the state court's decision – that the petitioner did not make the Strickland showing – was contrary to, or an unreasonable application of, the standards provided by Strickland's clearly established federal law. Williams v. Taylor, 120 S.Ct. 1495 (2000); Henderson v. Quarterman, 460 F.3d 654, 665 (5th Cir. 2006).

Petitioner has not demonstrated that his prior convictions were gained in violation of his Sixth Amendment right to counsel. The minutes discussed above show that Petitioner

was represented by counsel at all relevant times. Petitioner offers nothing more than a conclusory assertion that he had only "standby counsel," but there are no facts to support that suggestion. Standby counsel are sometimes appointed when a defendant insists upon self-representation pursuant to Faretta, but the court is willing to provide a standby counsel to assist if needed. See McKaskle v. Wiggins, 104 S.Ct. 944 (1984). There is absolutely no hint in the record that this was the situation at any prior conviction. Petitioner also makes reference to Childress v. Johnson, 103 F.3d 1221 (5th Cir. 1997), which addressed some guilty pleas taken in Texas in 1946 and 1948 under a pre-Gideon practice in which counsel was appointed but only to execute a waiver of the right to a jury trial. The courts accepted those facts and determined that the lawyer "standing in" for Childress had provided little or no assistance. The Fifth Circuit held that Childress was constructively denied his right to counsel on the earlier convictions, and the Court made special note of the "unusual circumstances" of the case, including "the state court's determination that counsel in fact did nothing" to represent Childress' interest. Id. at 1231-32.

There is no similarity between the unusual facts in Childress and those in this case. Petitioner's argument should be rejected, just as the court did in Staley v. Cockrell, 2003 WL 21782198 (M.D. Tex. 2003) when a petitioner attempted to apply Childress beyond its unique facts. There is no reason to believe that appointed counsel in Petitioner's fairly recent cases did not perform their roles as advocates for the defense. Petitioner's claim that counsel did virtually nothing, like the 1940's attorneys in Texas, is a speculative and conclusory claim

with no factual support. Such claims, whether raised under Section 2254 or Section 2255, do merit a hearing or any further proceedings. U.S. v. Edwards, 442 F.3d 258 n.10 (5th Cir. 2006); Johnson v. Scott, 68 F.3d 106, 112 (5th Cir.1995).

**Ineffective Assistance: No Objection to Evidence**

At the multiple offender hearing, the state produced copies of the prior bills of information. Sgt. Owen McDonnell took a set of Petitioner's fingerprints at the hearing. He then compared the prints to those on the earlier bills of information, and he testified that the prints came from the same person. Tr. 760-68. Counsel did not object to the state's admission of the exhibits. Tr. 767.

Petitioner now argues that counsel should have objected to the admission of the bills of information. Petitioner suggests that counsel should have insisted that the state call a witness from the clerk of court's office or otherwise authenticate the documents. The state trial court and appellate court denied the claim summarily, with the appellate court noting that Petitioner has not indicated why the documents should not have been admitted. Tr. 1006. The record reflects that counsel was diligent in reviewing the records of the prior proceedings for any errors, going so far as to request and receive a continuance to retrieve documents from the archives. Counsel was undoubtedly satisfied that the documents were authentic, so he did not waste the time of the court (not the best strategy immediately before sentencing) by raising a meritless objection. Of course, failure to raise meritless objections is not ineffective assistance. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). Petitioner

has yet to show that such an objection would have done anything but slow the hearing, with the same result in the end. There is no basis for habeas relief with respect to this claim.

It bears noting that Petitioner represents in his petition that Sgt. McDonnell was asked during the hearing to identify Exhibit 3, which Petitioner says was a certified copy of the bill of information for the worthless checks conviction. Petitioner states that McDonnell said he could not identify the exhibit. Exhibit 3 was the minutes related to that charge, not the bill. Exhibit 2 was the bill of information that bore Petitioner's fingerprints, and Sgt. McDonnell testified that the prints on Exhibit 2 came from the "same individual" that he fingerprinted in the courtroom. Tr. 764-65. The record indicates that Petitioner's statement is false.

**Ineffective Assistance: Special Charges**

Petitioner was convicted of aggravated criminal damage to property, which La.R.S. 14:55 defines as "the intentional damaging of any ... movable; wherein it is foreseeable that human life might be endangered, by any means other than fire or explosion." Petitioner was also convicted of aggravated flight from an officer, which La.R.S. 14:108.1 defines as the "intentional refusal of a driver to bring a vehicle to a stop, under circumstances wherein human life is endangered," after the police have properly signaled the person for a lawful stop, using a siren and lights. The statute adds that circumstances where human life is endangered shall be any situation where the operator of the fleeing vehicle commits at least two of the following acts:

(1)  Leaves the roadway or forces another vehicle to leave the roadway.

(2) Collides with another vehicle.

(3) Exceeds the posted speed limit by at least twenty-five miles per hour.

(4) Travels against the flow of traffic.

Petitioner argued in his post-conviction application that counsel was ineffective because he did not move the court for a "special written charge" that would have acquitted Petitioner of aggravated criminal damage to property. Petitioner says counsel should have asked the court to charge itself (in the bench trial) that, due to the circumstances of the case and the evidence presented, Petitioner was guilty of only aggravated flight from an officer. Tr. 888. The state appellate court, the last court to address the issue, wrote that Petitioner "has not shown how the trial counsel erred in failing to seek that special charge to the court or, if it was an error, how the outcome of the trial would have been different." Tr. 1006.

There were no written charges in this bench trial. It appears that Petitioner is arguing that his counsel should have been able to convince the court that the facts or law did not permit a conviction for aggravated criminal damage to property. With respect to the facts, Petitioner says that it was his intention to avoid arrest for shoplifting, not to damage property. The state appellate court considered a sufficiency of the evidence argument on direct appeal that presented this issue. It noted that Officer Cole testified that Petitioner intentionally rammed, at an accelerated speed, the police car in which two officers were riding. Those two officers also testified about the collision and their injuries. Thus, there was sufficient evidence to support the conviction. State v. Bates, 859 So.2d at 845. That conclusion is well

supported, so there is no basis to find that counsel was ineffective for not being able to argue his way around those rather devastating facts.

Petitioner does not use the term double jeopardy in his federal argument, but his argument does touch on a double jeopardy issue that counsel raised in a post-trial motion. Counsel argued that the two convictions were based on the same transaction, the collision with the police car. The state appellate court noted that causing a collision is one of the four aggravating factors for a conviction of aggravated flight from an officer, but there was proof that Petitioner committed all four aggravating elements so that proof of the collision was not necessary to support the conviction. Each of the relevant statutes included an element that the other did not, so both the federal test under Blockburger v. U.S., 52 S.Ct. 180 (1932) and the Louisiana law "same evidence" test were satisfied. State v. Bates, 859 So.2d at 848-49. Petitioner has not directly attacked that conclusion, and he certainly has not demonstrated that counsel was ineffective in this regard because counsel did pursue the issue, albeit unsuccessfully.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE